IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02467-SKC

LETECIA STAUCH,

    Plaintiff,

    v.

EL PASO COUNTY,
L. STENGLE,
R. SNIPE,
WELLPATH, and
TRINITY FOOD SERVICES,

    Defendants.

## MOTION TO QUASH SERVICE AND TO DISMISS

COMES NOW Defendant TRINITY SERVICES GROUP, INC. (named in Plaintiff's Complaint as "Trinity Food Services," hereinafter "Trinity") by and through its attorney making this special appearance for the purposes of contesting service, and for its Motion to Quash Service and Motion to Dismiss Plaintiff's Complaint [Doc. 1], states as follows:

### INTRODUCTION

Plaintiff Letecia Stauch ("Plaintiff") has failed to properly serve Trinity and therefore service should be quashed: Trinity is a Florida corporation and cannot be properly served at the El Paso County Jail's address, as no individuals there are authorized to accept service on Trinity's behalf. Service should not be attempted, however, because Plaintiff's suit is defective on its face:

Plaintiff's allegations fail to meet the bar required to bring a Constitutional claim and dismissal is appropriate.

## FACTUAL BACKGROUND

Plaintiff, at the time suit was filed, was a pre-trial detainee incarcerated at the El Paso County Jail, within Colorado Springs, Colorado. [Doc. 1, p 2]. Plaintiff brought her suit against Trinity, among other defendants. *Id* at 2-7. As it relates to Trinity, Plaintiff alleges that her First Amendment rights have been violated due to improper packaging and sanitation of Kosher food items. [Doc. 1, p. 8]. Plaintiff claims generally that Trinity is at fault, but does not provide any specific facts showing that this is the case. *Id.* For all Defendants, the listed service address is the El Paso County Jail. *Id.* at 2-3, 7.

## APPLICABLE LAW

*1) Service of Process*

FED. R. CIV. P. 4(h) provides, in relevant part, that:

"Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

FED. R. CIV. P. 4(e)(1) allows service: "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

*2) Motion to Dismiss*

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the complaint. A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Id*. at 555-556. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations omitted). "[N]aked assertions devoid of further factual enhancement" will not suffice to state a claim. *Id*. Furthermore, while testing the sufficiency of a plaintiff's allegations, a court does not presume that the plaintiff can prove facts that are not stated or assume that the defendant has violated laws in ways not alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ARGUMENT

Plaintiff has not properly effectuated service on Trinity and service should thereby be quashed. Even if service were completed, however, Plaintiff's Complaint is insufficient at law and is subject to dismissal.

> 1) *Plaintiff has failed to serve Trinity as required by the Federal Rules of Civil Procedure and service should be quashed.*

Plaintiff has failed to serve Trinity with process as required by FED. R. CIV. P. 4 and service in this suit should be quashed. Plaintiff must affirmatively show that she delivered process to Trinity and in a manner that comports with the Federal Rules of Civil Procedure. She cannot affirmatively make this showing because she did not comply with the applicable rules, in that Trinity was not served at either its principal place of business or through an agent authorized to receive service of process. Service against Trinity should be quashed.

When a court finds that service is "insufficient but curable," it generally should quash the service and provide the plaintiff with an opportunity to re-serve the defendant. *Pell v. Azar Nut Co. Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). The court "nevertheless retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted." *Id.* Where service of process is insufficient, "the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant… though service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Martinez v. Citimortgage, Inc.*, 347 F.Supp.3d 677, 687 (D. New Mexico. 2018) (citing *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985)).

"Service" was made on Trinity at the El Paso County Jail. Trinity is not based out of the El Paso County Jail. The summons was not directed to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Trinity – or even actually directed to Trinity's correct entity name. Trinity has a registered agent

4

within the state, though it is certainly not the jail. This is not proper service upon a foreign corporation, and service should be quashed.

> 2) *Plaintiff fails to allege a policy on the part of Trinity that resulted in his injury, leaving her claim against Trinity subject to dismissal.*

Plaintiff, however, should not be given the attempt to serve Trinity properly, as Plaintiff's allegations against Trinity are insufficient to state a constitutional claim against it: no policy or practice is alleged that supposedly led to Plaintiff's Constitutional deprivation. Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

In the Tenth Circuit, a private entity working on the state's behalf can be liable under Section 1983 only through the municipal liability framework established by *Monell*. *Brackett v. Jefferson County Sheriff*, No. 21-cv-02509-PAB-MEH, 2022 WL 15035264, at *3 (D. Colo. Oct. 26, 2022); *see generally Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978). Plaintiff must show: "(1) official [company] policy or custom, (2) that caused a constitutional injury, and (3) requisite state of mind." *Heidel v. Mazzola*, 851 Fed. App'x 837, 840 (10th Cir. 2021). In *Brackett*, the plaintiff was a pretrial detainee who claimed Aramark, the food provider, failed to provide him with the appropriate food given his lack of teeth. Aramark did not control the menu; therefore, it did not have an official company policy. *Brackett*, 2022 WL 15035264, at *1. The Tenth Circuit found that the plaintiff failed to allege an Aramark policy or custom that caused his injury, thus he failed to properly allege Aramark's liability under the first factor. *Id.* at

5

*3. Failure to articulate an unconstitutional policy allegedly held by a *Monell* defendant is fatal to a §1983 Plaintiff's claim.

Further, In *Slater v. Teague*, the plaintiff was approved for a kosher diet and later alleged that he was provided insufficient kosher meals. *Slater v. Teague*, No. 17-cv-02084-PAB-STV, 2018 WL 1800919, at *1-2 (D. Colo. Mar. 21, 2018). There, like here, plaintiff failed to point to a policy and even suggested that the defendant's practice was to provide inmates with kosher food. *Id.* at *5. The Tenth Circuit held that multiple instances of delays in approval for religious holiday meal accommodation, resulting in approval after the holiday had passed, "were at most, isolated acts of negligence, not pervasive violations of [the plaintiff's] right to free exercise of religion." *Id.* at *6 (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009)). The court in *Slater* found that the alleged facts did not amount to a substantial burden under the First Amendment and thus dismissed the First Amendment claim. *Id.*

This case is analogous to *Brackett* on the first factor. Plaintiff has not alleged in her complaint that Trinity has a policy or custom to not provide Kosher meals. Pertinently, Plaintiff alleges although she was either not provided her Kosher meals or her Kosher meals were delayed, "[o]ther Kosher and non-Kosher inmates had theirs." [Doc. 1 p 9]. This statement suggests that Trinity's practice is to provide inmates with kosher meals. Plaintiff has not asserted specific, factual allegations of such a policy to support her claim: failure to do so is fatal to her claim. Plaintiff's clear allegations in her pleadings show that not only is there no policy to not provide Kosher meals, to the contrary, there is a specific policy to provide them. At most, as in *Slater*, there were minor delays that are insufficient to bring a § 1983 claim. Given Plaintiff's clear

admissions, there is no way Plaintiff could adequately restate her claims against Trinity that would not be barred by judicial estoppel, and Trinity's dismissal should be with prejudice.

As for the second and third factors, following *Slater*, a delay in receiving Kosher meals, although in this case not a holiday meal, is not a First Amendment violation on its face. Here, Plaintiff has also failed to allege a constitutional injury because the Complaint does not identify specific factual allegations against Trinity that constitute a First Amendment violation. *Slater* holds that even if Trinity had a policy to delay Kosher meals, Plaintiff would be unable to re-plead her suit in a manner that would pass muster. That is, Plaintiff has not alleged the requisite state of mind is met. Even if Plaintiff properly served Trinity, which Plaintiff should not be given the opportunity to do, her Complaint is subject to dismissal based on the *Monell* factors.

## CONCLUSION

Plaintiff failed to properly serve Trinity and service should be quashed. Further, Plaintiff should not be given leave to serve Trinity or amend her pleading, as both would be futile as the suit is subject to dismissal.

WHEREFORE Defendant TRINITY SERVICES GROUP, INC. respectfully requests that this Court enter an Order quashing service and dismissing Plaintiff's Complaint with prejudice; and such other and further Orders that this Court deems meet and just in the circumstances.

Respectfully submitted this 10th day of November, 2022.

/s/ Zane A. Gilmer
Zane A. Gilmer
STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Phone: 303.376.8416
Email: zane.gilmer@stinson.com

*Attorneys for Trinity Services Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF. I also hereby certify that on November 10, 2022, a courtesy copy was mailed to:

    Letecia Stauch
    #A0342156
    El Paso County Criminal Justice Center
    2739 East Las Vegas Street
    Colorado Springs, CO 80906

                                                            */s/ Zane A. Gilmer*
                                                            Zane A. Gilmer