**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:22-cv-02467-SKC

LETECIA STAUCH,

    Plaintiff,

v.

EL PASO COUNTY, ET AL.,

    Defendants.

---

**CONSENT CASE PRACTICE AND TRIAL PREPARATION ORDER**

---

    This Order imposes requirements that supplement the Scheduling Order, this Court's Practice Standards for Civil Cases, and the Discovery Procedures for *Pro Se* Civil Cases (as applicable), in cases where all parties have consented to the jurisdiction of this Magistrate Judge. It also explains requirements for trial. This Order <u>may not</u> be modified by agreement of the parties.

**A. <u>MOTIONS PRACTICE</u>**

    1.    <u>Page Limits and Format</u>: All motions shall be doubled-spaced and in 12-point font. Footnotes should also be in 12-point font. Except motions for summary judgment, all motions and responses shall not exceed <u>16 pages</u>. Motions and briefs shall be combined and are considered one document for purposes of computing page limits. Replies shall not exceed <u>11 pages</u>. These page limits include

1

the cover page through the certificate of service. Documents attached in support of a motion or response shall not exceed 10 pages, while documents attached in support of a reply shall not exceed five pages.

    2.    <u>Surreplies</u>: Surreplies are not allowed without leave of Court.

    3.    <u>Motion to Exceed Page Limits</u>: These motions must be supported by a showing of good cause and specify the number of additional pages proposed, and the reason(s) why those pages are necessary.

    4.    <u>Dispositive Motions</u>:

        a.  <u>Motions to Dismiss (Fed. R. Civ. P. 12(b))</u>: Rule 12(b) motions are discouraged if the defect is correctable by filing an amended pleading. Rule 12(b) motions should not be stated in the alternative as a Rule 56 motion for summary judgment.

        b.  <u>Motions for Summary Judgment (Fed. R. Civ. P. 56)</u>

           i.  Motions and responses shall not exceed 21 pages. Replies shall not exceed 16 pages. These page limits include the cover page through the certificate of service.

          ii.  The parties shall file separate Statements of Undisputed Material Facts using the three-column chart found at <u>Attachment 1</u>, as follows:

              1.  <u>For the movant</u>: A separate Statement of Undisputed Material Facts in support of the motion must

separately identify each material fact claimed to be without dispute. Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of undisputed material facts. In a three-column format, the statement must state in numerical sequence the undisputed material facts in the first column, followed by a specific reference to material in the record that establishes those undisputed facts in that same column. The pages of the chart are <u>not</u> included in the page limits for motions for summary judgment. There is no page limit on the evidence/exhibits attached in support of the motion.

2. <u>For the opposing party</u>: A separate Statement of Undisputed Material Facts in opposition to the motion for summary judgment must contain the following in a three-column format: (a) In the first column, the verbatim entries that were prepared by the movant at step one; (b) In the second column, directly opposite the recitation of the movant's material facts and supporting evidence, the response must state whether the fact is "disputed" or "undisputed." An opposing

party who contends the fact is "disputed" must state, in the second column of the page directly opposite the fact in dispute, the nature of the dispute followed by a specific reference to material in the record that supports the position that the fact is controverted. Also in the second column, the opposing party shall set forth any additional material facts which it contends are undisputed, followed by a specific reference to material in the record that establishes those additional material facts as undisputed in that same column. Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts. The pages of the chart are <u>not</u> included in the page limits for the response. There is no page limit on the evidence/exhibits attached in support of the motion.

3. <u>For the movant's reply filing</u>: A separate Statement of Undisputed Material Facts in support of the motion must contain the following in a three-column format: (a) The first two columns shall contain the verbatim

      entries prepared by movant at step one, and the verbatim entries prepared by the responding party at step two; (b) In the third column, directly opposite the recitation of the opposing party's material facts and supporting evidence, the reply must state whether the fact is "disputed" or "undisputed." The moving party who contends the fact is "disputed" must state, in the third column of the page directly opposite the fact in dispute, the nature of the dispute followed by a specific reference to material in the record that supports the position that the fact is controverted. Also in the third column, if the moving party contests the opposing party's dispute of the moving party's recitation of undisputed material fact, the moving party may make specific reference to any additional supporting material in the record.

iii. When making a specific reference to material in the record which establishes a fact, general references are insufficient if the document is longer than one page. A "specific reference" means reference to:[1] a page number; a line number; a

---

[1] Only if the nature of the material fact does not permit a specific reference (*e.g.*,

paragraph number; a CM/ECF Docket entry number (with additional internal specific reference provided); or any combination of these references to assist the Court to easily locate the pertinent information. The effort at specificity may be further aided by highlighting, underlining, or manually underscoring the pertinent information.

  iv. In addition to filing its Statement of Undisputed Material Facts with the Court, each party shall provide to the opposing party an editable electronic version of its Statement in Word format for the opposing party's use in preparing its Statement. Thus, for example, the moving party shall provide its Statement to the opposing party, with the first column completed. The opposing party shall provide its Statement to the moving party, with the first and second columns completed, and so on.

### B. <u>PROPOSED FINAL PRETRIAL ORDER</u>

Counsel and any *pro se* parties shall meet and confer sufficiently in advance of the Final Pretrial Conference to jointly prepare a proposed Final Pretrial Order. It shall be filed at least <u>seven days before</u> the combined Final Pretrial Conference/Trial Preparation Conference, and a Word version should also be

---

"The contract contains no provision for termination.") is a general reference sufficient.

6

emailed to chambers at Crews_Chambers@cod.uscourts.gov.

The proposed Final Pretrial Order should reflect the narrowing of issues to those that will actually be tried, the witnesses that will be called, and the exhibits that will be presented. The form proposed Final Pretrial Order available on our district court's website should be used, incorporating the following changes to that form:

- Section 3: Claims and Defenses: Parties are discouraged from submitting a narrative summary of the claims, defenses, facts, and legal theories. If a narrative summary is submitted, it should not exceed one page, and shall be in addition to the following: Separately enumerate each claim and affirmative defense (a defense on which the Defendant bears the burden of proof) that will be tried. (An example is at Attachment 2.) For each claim and affirmative defense designate:[2]

    1. the standard of proof and controlling law; and,
    2. each element that must be proved. Under each element, identify the facts that establish that element, and reference the witness whose testimony, or the exhibit the contents of which, will establish that fact at trial.

- Section 4: Stipulations: To save time and expense, and to focus the

---

[2] Any claims or affirmative defenses not specifically identified may be deemed waived.

7

trial, the parties shall stipulate to all material facts that are not in dispute.³ Stipulated facts will be included in a jury instruction given to the jury prior to opening statements.

- Section 6: Witnesses: In addition to listing witnesses as required by the form, the parties should also attach their witness lists using the form found here:

  http://www.cod.uscourts.gov/JudicialOfficers/ArticleIMagistrateJudges/HonSKatoCrews.aspx

- Section 7: Exhibits: Only the parties' exhibit lists should be attached, using the form found here:

  http://www.cod.uscourts.gov/JudicialOfficers/ArticleIMagistrateJudges/HonSKatoCrews.aspx

## C. **COMBINED FINAL PRETRIAL/TRIAL PREPARATION CONFERENCE**

Trial counsel and any *pro se* parties must appear at the combined Final Pretrial/Trial Preparation Conference ("Conference"). The Court will review the proposed Final Pretrial Order with counsel and any *pro se* parties to determine what issues will ultimately be tried, what facts can be stipulated to, what factual

---

³ Please be cognizant of the difference between disputing the existence of a fact and disputing the significance of that fact. A stipulation to the existence of a fact (*e.g.*, that the sun set at 7:00 p.m. on the day in question) does not prevent the party from arguing the significance of that fact (*e.g.*, that there was or was not adequate daylight at 7:00 p.m.).

8

disputes require evidence, the time necessary for trial, and other trial related issues. If the case has not been sufficiently narrowed, an amended final pretrial order may be required.

Any problems in the trial setting or special needs for witnesses should be addressed at the Conference. The unavailability of designated witnesses, including "may call" and "will call" witnesses, will not constitute a basis for delay in or continuance of the trial. Witnesses should be scheduled and available so the trial will not be delayed waiting on a witness. Witnesses may be taken "out of turn," as necessary, to avoid any lag-time during trial.

## D. TRIAL INFORMATION

1. <u>Motions in Limine</u>: Motions in limine are allowed and should be filed within <u>seven days after</u> the Conference. Motions to exclude expert testimony must be filed 30 days after the rebuttal expert witness disclosure deadline unless a different date is provided in the Scheduling Order.

2. <u>Trial Briefs</u>: Trial briefs are encouraged only <u>where there are unusual issues of law</u>. They should be filed 14 days before trial. They should not exceed 10 pages and should not attach exhibits.

3. <u>Final Witness and Exhibit Lists</u>: By no later than <u>Noon</u> on the Friday before the start of trial, the parties shall submit their respective final witness and exhibit lists via CM/ECF.

4. <u>Access to the Courtroom Prior to Trial</u>: The courtroom will be made available to all parties before the start of trial so that the parties may bring in items for trial or to test technical equipment. My Courtroom Deputy is Amanda Montoya. She can be reached at (303) 335-2096. Please contact Ms. Montoya in advance if you would like to access the courtroom prior to trial.

5. <u>Jury Trials</u>:

   a. <u>Proposed Jury Instructions and Verdict Forms</u>: Jury instructions and verdict forms shall be both e-filed on CM/ECF, and e-mailed to my chambers ([Crews_Chambers@cod.uscourts.gov](mailto:Crews_Chambers@cod.uscourts.gov)) in Word format, <u>by no later than 14 days prior to the Conference</u>. Counsel (and any *pro se* parties) shall confer and stipulate to as many instructions as possible. Up to four sets of instructions should be submitted to the Court, as necessary: (1) one set of stipulated jury instructions; (2) one set of opposed or disputed jury instructions; (3) one set of stipulated verdict forms (if any); and/or (4) one set of disputed or opposed verdict forms (if any). **Jury instructions should be appropriately titled and must include citations to relevant authority in footnotes**.

   b. <u>Exhibits and Exhibit Notebooks</u>:

      i. Plaintiff's exhibits should be marked using numbers. Defendant's exhibits should be marked using letters A through Z, then using A-1 through A-99, then B-1 through B-99, etc.

10

> **There should be no duplicate exhibits between the parties' lists. The parties must confer and stipulate to the admissibility of as many exhibits as possible.**
>
> ii. There will be no juror exhibit notebooks. Instead, the Court will provide an Elmo projector and television screen for purposes of publishing admitted exhibits to the jury. The parties may use the Elmo system provided by the Court or may bring in their own technology for purposes of publishing exhibits. Questions concerning exhibits and courtroom equipment/technology may be directed to Ms. Montoya.
>
> iii. Only three exhibit notebooks are necessary to provide: (1) one for the witness stand (containing that party's <u>original</u> exhibits, properly marked and tabbed, with the pages of each exhibit numbered); (2) one copy for the Court; and, (3) one copy for the Court Reporter (if any).

c. <u>Voir Dire</u>: If trial is to a jury, the Court will conduct an initial orientation and voir dire. The Court's voir dire is designed to address issues of juror hardship. The Court will leave the inquiry of impartiality and potential juror bias to the parties during their voir dire. Unless the Court is persuaded otherwise, the parties will be permitted <u>20 minutes</u> each to conduct voir dire. In most circumstances,

11

>    the Court does not condone inculcating the jury pool with specific facts of the case during voir dire. If there are questions about whether intended voir dire approaches that line, those questions should be raised during the Conference.
>
> d. <u>Number of Jurors</u>: The jury will normally consist of nine jurors, with each side afforded three peremptory challenges. The Court will inform the parties of the intended number of jurors for their specific case during the Conference.
>
> e. <u>Notes by Jurors</u>: Jurors will be permitted to take notes during trial.
>
> f. <u>Time for Giving Jury Instructions</u>: Preliminary instructions will be given prior to opening statements. Final instructions will be given *after* closing arguments.

6. <u>Transcript of Proceedings</u>: If a court reporter is available, the proceedings will be transcribed by the court reporter. If a court reporter is not available, the proceedings will be digitally recorded. Any request for transcripts should be directed to the courtroom deputy.

12

DATED: November 20, 2023

> BY THE COURT
>
> S. Kato Crews
> United States Magistrate Judge

**Attachment 1**
**Format for Separate Statement of Undisputed Material Facts**

Movant's Statement:

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1. Plaintiff was hired by Defendant on July 1, 2010. Ex. 1, Plaintiff's Depo., page 5, lines 8-12. | | |
| 2. Plaintiff received five reviews from her supervisor, Jane Smith, all of with rated her performance as "superior." Ex. 2, Plaintiff's Performance Reviews. | | |
| 3. On July 1, 2012, Plaintiff applied for a promotion to supervisor. Ex. 3, Plaintiff's application for Supervisor II position. | | |

Opposing Party's Statement:

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1. Plaintiff was hired by Defendant on July 1, 2010. Ex. 1, Plaintiff's Depo., page 5, lines 8-12. | Undisputed. | |
| 2. Plaintiff received five reviews from her supervisor, Jane Smith, all of with rated her overall performance as "superior." Ex. 2, Plaintiff's Performance Reviews. | Disputed. Plaintiff received four such reviews. The fifth review rated some elements as superior, but her *overall* performance as "above average." Ex. A, Plaintiff's Performance Review of December 1, 2010, page 5. | |
| 3. On July 1, 2012, Plaintiff applied for a promotion to supervisor. Ex. 3, Plaintiff's application for Supervisor II position. | Undisputed. | |
| | 1. On July 15, 2012, Plaintiff appeared 20 minutes late for her interview for the supervisor position. Ex. B, Jane Smith Declaration, ¶5. | |
| | 2. On July 30, 2012, after completing all interviews, Defendant selected external candidate John Doe for the position. Ex. C, Jane Smith Depo., page 56, lines 1-7. | |

15

Moving Party's Reply Statement:

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response/Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 4. Plaintiff was hired by Defendant on July 1, 2010. Ex. 1, Plaintiff's Depo., page 5, lines 8-12. | Undisputed. | |
| 5. Plaintiff received five reviews from her supervisor, Jane Smith, all of which rated her overall performance as "superior." Ex. 2, Plaintiff's Performance Reviews. | Disputed. Plaintiff received four such reviews. The fifth review rated some elements as superior, but her *overall* performance as "above average." Ex. A, Plaintiff's Performance Review of December 1, 2010, page 5. | Plaintiff's December 1, 2010 review was subsequent amended, as shown by the review submitted as part of Ex. 2.  Ex. 2, Plaintiff's Performance Reviews, page 18. |
| 6. On July 1, 2012, Plaintiff applied for a promotion to supervisor. Ex. 3, Plaintiff's application for Supervisor II position. | Undisputed. | |
| | 3. On July 15, 2012, Plaintiff appeared 20 minutes late for her interview for the supervisor position. Ex. B, Jane Smith Declaration, ¶5. | Disputed. Plaintiff was not late because Defendant had orally advised her that her interview was at 3:30 p.m. She arrived at 3:20 p.m., ten minutes early. Ex. 4, Plaintiff's Responses to Interrogatory, page 6, ¶7. |
| | 4. On July 30, 2012, after completing all interviews, Defendant selected external candidate John Doe for the position. Ex. C, Jane Smith Depo., page 56, lines 1-7. | Undisputed. |

16

**Attachment 2**
**Format for Section 3 of Proposed Final Pretrial Order Form**

**Example**:

Claim 1: Breach of contract under Colorado law: Plaintiff has burden of proof by a preponderance of the evidence

    **Elements:** **(1)-(3) offer, acceptance, consideration**
        (a) the parties stipulate that these elements are satisfied

    **(4) performance by the plaintiff**
        (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 4)
        (b) The widgets conformed to the specifications in the contract. (Testimony of Peter Plaintiff; Exhibit 2)
        (c) The widgets were delivered on the date set by the contract. (Exhibit 2)

    **(5) non-performance by the defendant**
        (a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper; Exhibit 2)
        (b) Peter Plaintiff has made several written demands for payment. (Peter Plaintiff; Exhibits 3, 5, 7)

    **(6) damages**
        (a) Peter Plaintiff has been damaged in the contract amount of $10,000. (Testimony of Peter Plaintiff; Exhibit 2).

Claim 2: Unjust Enrichment under Colorado law: Plaintiff has burden of proof on all elements by a preponderance of the evidence

    **Elements: (1) Defendant has received a benefit**
        (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. pursuant to a contractual agreement. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 2, 4).

17

**(2) the benefit is at the Plaintiff's expense**
    (a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper, Exhibit 2)

**(3) justice requires that Defendant reimburse the Plaintiff for the benefit received**
    (a) The widgets have a market value of $15,000. (Testimony of Peter Plaintiff)
    (b) Don Defendant is in breach of the contract. (Testimony of Peter Plaintiff)

<u>Affirmative Defense to Claim 2: Failure to mitigate under Colorado law</u>: Defendant has burden of proof on all elements by a preponderance of the evidence

**Elements: (1) Plaintiff had a reasonable opportunity to avoid injury**
    (a) On March 5, 2004, Don Defendant left a message on Peter Plaintiff's voice mail offering to return the crate of widgets unopened. (Testimony of Don Defendant; Peter Plaintiff)
    (b) On March 8, 2004, Don Defendant wrote to Peter Plaintiff, offering to assign the contract for the purchase of widgets to WidgetCo. (Don Defendant; Warren Widget; Exhibit 6)

**(2) Plaintiff unreasonably failed to avail itself of opportunities to avoid injury**
    (a) Peter Plaintiff did not respond to the March 5, 2004 message. (Don Defendant)
    (b) Peter Plaintiff did not respond to the March 8, 2004 (Don Defendant)

# # #