IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:22-cv-02467-SKC

LETECIA STAUCH,

    Plaintiff,

v.

EL PASO COUNTY,
L. STENGLE,
R. SNIPE,
WELLPATH, and
TRINTIY FOOD SERVICES

    Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

This matter is before the Court on the Order to Show Cause (OSC) (Dkt. 55) it issued to Plaintiff Letecia Stauch, to which no response has been received. The Court now makes the OSC absolute and dismisses this case without prejudice.

### BACKGROUND

Plaintiff, an incarcerated person proceeding *pro se*, filed her Complaint (Dkt. 1) alleging various civil rights claims under 42 U.S.C. § 1983 that center on allegations the Defendants have neglected her medical conditions and violated her kosher diet requirements.

1

On March 9, 2023, the Court held a Rule 16(b) Scheduling Conference. Dkt. 42. At that conference, the Court ordered Plaintiff to "file an amended complaint that includes all the claims she intends to pursue. Each claim shall specify which capacity the defendant is being named in." *Id.* The CM/ECF entry accompanying the Courtroom Minutes set a deadline of April 20, 2023, for Plaintiff to file the amended complaint. Dkt. ECF 42. Plaintiff, however, never filed one.

Three months later, on June 2, 2023, the Court entered its first Order to Show Cause that explained:

> Plaintiff initiated this case in September 2022 and Defendants filed Motions to Dismiss on November 10, 2022, December 28, 2022, and January 10, 2022. Plaintiff filed a cursory document, which could be construed as a Response, to El Paso County's Motion and did not respond at all to Wellpath's or Trinity's Motions. Rather, she requested leave to add a Defendant. The Court convened a Scheduling Conference where it explained to Plaintiff the proper procedure for amending her complaint and set a deadline of April 10, 2023, for her to refile a motion to Amend. Plaintiff has not filed anything and, to be sure, the Court has had no further communications from her.

Dkt. 45. The Court therefore ordered Plaintiff to show cause why her case "should not be dismissed for failure to prosecute and comply with Court orders." *Id.* The Court further reminded Plaintiff that it is Plaintiff's obligation to keep the Court informed of her current contact information:

> Although it was not obligated to do so, the Court discovered Plaintiff has since been moved to the Denver Women's Correctional Facility, but she did not inform the Court of her change in address as she was required. On this one occasion, the Court will send this Order to Plaintiff and have her address updated in the Court's record.

The Court mailed the OSC to Plaintiff on June 2, 2023.

2

On June 15, 2023, Plaintiff submitted a Letter to the Court. Dkt. 48. The Letter did not address the Court's prior order that Plaintiff file an amended complaint. *See* Dkt. 42. It did "ask the court to move forward with the original claim as I did not amend it." Dkt. 48. Following her Letter, the Court entered its Consent Case Practice and Trial Preparation Order. Dkt. 49.

On December 18, 2023, however, the postal service returned the Court's mail addressed to Plaintiff because it was undeliverable. Dkt. 53. Consequently, on January 29, 2024, the Court issued a second Order to Show Cause (OSC) to Plaintiff, which is the subject of this Order. Dkt. 55. This second OSC ordered Plaintiff to show cause,

> why this case should not be dismissed for failure to prosecute. On 12/18/2023, the Court mailed to Plaintiff a copy of the Court's [Dkts. 52, 51] Order on Motion to Withdraw as Attorney. On 1/2/2024, that mailing was returned as undeliverable. *See* [Dkt.] 53. *Pro se* parties must keep the Court informed of their contact information. *See* D.C.COLO.LCivR 5.1(c) ("Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change."). The Court, however, has not received any change of address filing from Plaintiff since 12/18/2023. Therefore, **the Court ORDERS Plaintiff to respond, in writing, on or before 2/29/2024** as to why the Court should not dismiss this case for failure to prosecute.

*Id.* The OSC further ordered "all counsel for Defendants to promptly attempt to notify Plaintiff by any and all means of which they are aware (mailing address, email address, telephone number, etc.) of this Order to Show Cause." *Id.* The Court mailed the OSC to Plaintiff that same day, January 29, 2024. Dkt. 56.

Also on that same day, the Court received back mail addressed to Plaintiff, again marked undeliverable. The postal service similarly returned the Court's OSC as undeliverable on February 9, 2024, and a certificate of service as undeliverable on February 20, 2024. The Court received no response to the OSC or any other contact from Plaintiff by February 29, 2024.

The Court received a Letter from Plaintiff on March 4, 2024. Dkt. 60. The Letter explained that Plaintiff was then incarcerated in Kansas and did not receive the Court's second OSC until February 28, 2024—one day before her response deadline. *Id.* While she explained her difficulties receiving mail, importantly she acknowledged receiving the OSC but did not respond to it as ordered. *See id.*

On June 6, 2024, the Court again mailed the second OSC to Plaintiff at her place of incarceration in Kansas. Dkt. 61. In its June Order, the Court noted that the second OSC had been returned to the Court as undeliverable, but that Plaintiff had updated her address via her March Letter. *Id.* The Court therefore re-sent the second OSC to Plaintiff at the updated address and ordered her to respond to the OSC by July 8, 2024. Dkts. 61, 64. On June 25, 2024, the postal service again returned the Court's Order and second OSC because it was undeliverable to Plaintiff.

The Court's last contact from Plaintiff was her Letter received March 4, 2024, over five months ago.

## LEGAL STANDARDS

Rule 41(b) provides:

4

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the language of Rule 41(b) contemplates a defendant filing a motion to dismiss, this Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with procedural rules or court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962). And other applicable rules authorize a district court's *sua sponte* dismissal of an action when a plaintiff fails to obey court orders or otherwise prosecute their case. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(A)(v); *see also* D.C.COLO.LCivR 41.1.

## FINDINGS AND ORDER

The Court has reviewed the entire record in this case and relevant law. The Court notes that it has had to issue two Orders to Show Cause to Plaintiff because Plaintiff has failed to abide by a court order and has failed repeatedly to update the Court of her contact information. Numerous of the Court's mailings to Plaintiff have been returned as undeliverable. Based on her failure to respond to the Court's OSC, and her multiple failures to comply with the Local Rules of Practice by failing to keep her address current with the Court, the Court finds that Plaintiff has failed to prosecute her case.[1]

---

[1] The Court notes that in her March 4, 2024 letter (Dkt. 60), Plaintiff suggests the Kansas Department of Corrections is interfering with her legal mail and access to

Therefore, it is ORDERED that this case is hereby DISMISSED WITHOUT PREJUDICE, and the Clerk of Court shall terminate this action.

The Court FURTHER ORDERS that Defendant Trinity Services Group, Inc.'s Motion to Quash Service and to Dismiss (Dkt. 15), Defendant El Paso County, L. Stengle and R. Snipe's Motion to Dismiss Pursuant to F.R.C.P. 8(a), 12(b)(1) and (6) (Dkt. 26), and Defendant Wellpath's Motion to Dismiss (Dkt. 27), are all DENIED AS MOOT.

DATED: August 8, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge

---

this Court, and further that she commenced a legal proceeding in Kansas to address these infringements on her rights. But Plaintiff has not sought any relief in this Court related to her ability, or inability, to prosecute her case.